## *Ex parte* R. E. P. MESSALL.

No. A-301.   Opinion Filed September 21, 1909.

(103 Pac. 1040.)

**HABEAS CORPUS—Actual Confinement—Necessity.** *Habeas corpus* proceedings will not lie to test the jurisdiction of a court to render a given judgment, when no effort is being made to enforce the judgment, and the defendant is at liberty pending a motion for a new trial.

(Syllabus by the Court.)

*Habeas corpus* by R. E. P. Messall against S. C. Campbell, Sheriff of Garfield County, and another. Petition dismissed.

*Buckner & Buckner*, for petitioner.

*Charles L. Moore*, Asst. Atty. Gen., and *H. G. McKeever*, Co. Atty., for the State.

FURMAN, PRESIDING JUDGE. This is an application of R. E. P. Messall for a writ of *habeas corpus*, wherein he alleges that he is illegally restrained of his liberty by S. C. Campbell, sheriff of Garfield county, and Hon. James B. Cullison, county judge of said county and state. The cause of petitioner's alleged confinement is set out in the application for the writ of *habeas corpus;* but, in view of the disposition which we are constrained to make of the case, it is not necessary to state or discuss it. The return to the writ of *habeas corpus* is under oath, and is not impeached. It is as follows:

"Now on this 7th day of September, 1909, comes S. C. Campbell, sheriff of Garfield county, Okla, and James B. Cullison,

·county judge of said county, and shows to the court: That the said R. E. P. Massall is not now, and was not at the time of the issuing of the said writ of *habeas corpus,* in the custody of either the said sheriff of Garfield county, Okla., or the said county judge, and was not restrained by either; that at that time, and at all times since, he has been out on bond, having previously and before his trial furnished a good and sufficient continuing bond for his appearance; that the said court wherein he was tried and wherein he complains of being illegally restrained has never passed sentence upon him by reason of a verdict of any jury; and that the said R. E. P. Messall has failed in said court in his motion for a new trial, which has by the court never been heard or passed upon, and by reason of which the said sheriff and county judge, not having the custody of the body of the said R. E. P. Messall or in any way restrained him, have not in obedience to said writ brought the body of the said R. E. P. Messall into court, and by reason of the foregoing facts the said sheriff and county judge pray the court to dismiss the said proceedings at the cost of defendant."

Even if the contention of the defendant is correct, and the county court of Garfield county was without jurisdiction to render the judgment complained of, the validity of the judgment cannot be tested by proceedings on *habeas corpus,* unless some effort was being made to enforce it. This the record shows is not being done. The defendant is not being restrained of his liberty, either by the sheriff or the county judge of Garfield county. He is on bond and is constructively in the custody, not of the sheriff or the county judge, but of his bondsmen.

The petition for the writ of *habeas corpus* is therefore dismissed, at the cost of the petitioner.

DOYLE and OWEN, JUDGES, concur.